CARRARA PAINT AGENCY CO. v. CARRARA PAINT CO.

(Circuit Court, N. D. Illinois. May 15, 1905.)

No. 27,393.

**1. DEPOSITIONS—FEDERAL COURTS—FOLLOWING STATE PRACTICE.**

Under Act March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], which provides that in addition to the mode of taking depositions in actions in federal courts "it shall be lawful to take the deposition or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held," where the laws of a state in which a court is held provide for the issuance of a commission by the clerk to take depositions of witnesses on interrogatories attached on notice to the adverse party, such practice may properly be followed in the federal court with respect to the taking of depositions of witnesses residing in other districts or states.

[Ed. Note.—Conformity to state practice in taking depositions, see notes to O'Connell v. Reed, 5 C. C. A. 602; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

**2. SAME—LIMITING NUMBER OF WITNESSES.**

A party will not be limited in advance as to the number of witnesses whose testimony he may take by deposition, unless it appears from the nature of the issues that the number is unreasonable and unnecessary.

On Motion by Defendant for Rule on Clerk to Withhold Commissions to Take Depositions.

Peck, Miller & Star and C. W. Baker, for plaintiff.

Winston, Payne & Straun, for defendant.

LANDIS, District Judge (orally). The declaration in this case seeks damages for the alleged violations by the defendant of the terms of a certain contract entered into between the parties. The charges are: First, that the paint to be manufactured and delivered to the plaintiff was not of the grade and quality specified in the agreement; and, secondly, that at a subsequent date the defendant put an end to the contract altogether by refusing to make any further deliveries. It appears that the commissions are sought to procure evidence as to the quality or grade of paint manufactured by defendant and marketed by the plaintiff, with a view to supporting plaintiff's theory respecting the first-mentioned breach of the contract. The witnesses whose testimony is desired are some 250 in number, and they live at various places in the several states from California to Maine. Section 863 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 661] provides that:

"The testimony of any witness may be taken in any civil cause depending in a District or Circuit Court by deposition de bene esse, when the witness lives at a greater distance from the place of trial than one hundred miles."

In 1892 Congress enacted that:

"In addition to the mode of taking the depositions of witnesses in causes pending at law or equity in the District and Circuit Courts of the United States, it shall be lawful to take the deposition or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held." Act March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664].

The statute of Illinois (Hurd's Rev. St. 1903, p. 938, § 26) pro-vides that:

"When the testimony of any witness residing within this state more tha˜ one hundred miles from the place of holding the court, or not residing in this state, * * * shall be necessary in any civil cause pending in any court of law or equity in this state, it shall be lawful for the party wishing to use the same, on giving to the adverse party or his attorney ten days' previous notice, together with a copy of the interrogatories intended to be put to such witness. to sue out from the proper clerk's office a dedimus potestatum or commission under the seal of the court, directed to any competent, disinterested person as commissioner, or to any judge, master in chancery, notary public, or jus-tice of the peace of the county or city in which such witness may reside, * * * authorizing and directing him to cause such witness to come before him. at such time and place as he may designate and appoint, and faithfully to take his deposition upon all such interrogatories as may be enclosed with, or attached to, said commission."

It will be observed that the act of 1892 does not add to the classes of witnesses whose testimony may be taken by deposition before trial. The obvious purpose of that act was to provide an additional method, viz., that prescribed by the state law, of obtaining the evi-dence of a witness, the taking of whose deposition was authorized by federal law. The plaintiff in this case appears to have proceed-ed in accordance with "the mode prescribed by the statute of the state." It has given to its adversary "ten days' previous notice, together with a copy of the interrogatories, * * * of its inten-tion to sue out from the proper clerk's office a commission" for the taking of the testimony of witnesses whose depositions are author-ized by the federal statute, and I hold this procedure to be regular.

The court is petitioned by the defendant to limit the number of witnesses whose testimony may be thus taken. While it does ap-pear that the plaintiff is proceeding to obtain the evidence of a con-siderable number of persons, the court is not prepared to rule, con-sidering the nature of the issue involved, that the plaintiff has gone beyond a reasonable limit in this particular. I do not express the opinion that, should it be made to appear that a party is inflicting upon his adversary an unnecessary burden in the taking of deposi-tions, the court is without power to prevent an abuse of its process.

The motion is denied.